IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RONNIE JACKSON,** )<br>)<br>   **Plaintiff,** )<br>)<br>   v. )<br>)<br>**TELERECOVERY, a Louisiana** )<br>**Corporation,** )<br>)<br>   **Defendant.** ) | Case No. 2:20-CV-01569-KOB |

### MEMORANDUM OPINION AND ORDER AWARDING DAMAGES

This Fair Debt Collection Practices Act case comes before the court on plaintiff Ronnie Jackson's "Motion for an Award of Damages." (Doc. 14). Mr. Jackson claims that defendant TeleRecovery violated the FDCPA by failing to note that Mr. Jackson disputed a debt it attempted to collect from him when it reported that debt to credit reporting agencies. (Doc. 1 at 2–3). The court granted Mr. Jackson default judgment as to TeleRecovery's liability on January 6, 2021 but ordered Mr. Jackson to produce evidence as to his damages. (Doc. 13). For the reasons discussed below, the court will **GRANT** Mr. Jackson's motion and will award him $1,000.00 in actual damages, $3,375.00 in attorneys' fees, and his $660.00 costs; the court will not award Mr. Jackson statutory damages.

**I.    Standard**

Because the court has already entered default judgment as to TeleRecovery's liability, the court must now determine the amount of damages it must pay Mr. Jackson. Where, as here, the plaintiff's claim is not "for a sum certain or a sum that can be made certain by computation," the court "may conduct hearings" to, among other things, "determine the amount of damages." Fed. R. Civ. P. 55. But because "all essential evidence is already of record" in this case, the court will

rule on Mr. Jackson's motion without a hearing. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) (citing *SEC v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 669 (5th Cir. 1981)).

Although TeleRecovery did not respond to Mr. Jackson's complaint, to his motion for default judgment, or to his instant motion for damages, a defaulted defendant does not admit the amount of damages sought by the plaintiff by nature of that default. *See PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp. 2d 1287, 1292 (S.D. Ala. 2010). Instead, *the court* "has an obligation to assure that…a legitimate basis [exists] for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). The court may only award damages against a defaulted defendant if "the record adequately reflects the basis for award via…detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

As to damages under the FDCPA specifically, federal law allows courts to award three forms of damages. First, the court may award the plaintiff "any actual damage sustained" by the plaintiff as a result of the defendant's failure to comply with the FDCPA. 15 U.S.C. § 1692k(a)(1). Second, it may award reasonable attorneys' fees "in the case of any successful action to enforce…liability" under the FDCPA. § 1692k(a)(2)(3). And finally, the court may award statutory damages of up to $1,000 after considering "relevant factors," including "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which the debt collector's noncompliance was intentional." § 1692k(a)(2)(A); (b)(1).

**II.     Analysis**

    **A.     *Actual Damages***

Mr. Jackson first requests an award of $1,000 in actual damages based on emotional distress. According to an affidavit signed by Mr. Jackson, "TeleRecovery's failure to note, when reporting the debt on [his] credit reports, that the debt was disputed made [him] feel that [he] did not actually have the right to dispute the debt." These actions, according to Mr. Jackson, "alarmed, confused, and distressed" him. (Doc. 14-1 at 2).

The court concludes that Mr. Jackson has adequately supported his request for an award of statutory damages by his affidavit. Courts routinely hold that damages for emotional distress are cognizable as "actual damage[s]" under the FDCPA. 15 U.S.C. § 1692k(a)(1). *See, e.g.*, *McGrady v. Nissan Motor Acceptance Corp.*, 40 F. Supp. 2d 1323, 1338–39 (M.D. Ala. 1998) ("damages for mental anguish are recoverable pursuant to § 1692k(a)(1)"). Other decisions of this court have reached the same conclusion on facts identical to this case. *See, e.g.*, *Fletcher v. TeleRecovery*, No. 5:20-CV-1147-MHH, ECF Doc. 20 at 12 (N.D. Ala. Jan. 15, 2021); *Carlisle v. Mountain Run Sols., LLC*, No. 2:20-CV-761-AKK, ECF. Doc. 22 at 2 (N.D. Ala. Dec. 3, 2020). Accordingly, the court will award Mr. Jackson $1,000 in actual damages for emotional distress.

### B.    *Statutory Damages*

But the court will not award Mr. Jackson statutory damages. While statutory damages may be available under the FDCPA, they are not automatic. As explained above, the court must consider several factors before awarding a plaintiff statutory damages under the FDCPA. Those factors include "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which the debt collector's noncompliance was intentional." 15 U.S.C. § 1692k(b)(1).

Neither Mr. Jackson's complaint nor his affidavit support an award of statutory damages under the § 1692k(b)(1) factors. At most, Mr. Jackson's affidavit shows that TeleRecovery reported *one* debt disputed by Mr. Jackson without noting that he disputed that debt. (Doc. 14-1 at 1–2). Accordingly, the court cannot conclude that TeleRecovery's collection efforts were "frequen[t] or persisten[t]." § 1692k(b)(1). *See, e.g.*, *In re Martinez*, 266 B.R. 523, 537 (S.D. Fla. 2001) (awarding maximum statutory damages to FDCPA plaintiff where defendant repeatedly violated the statute).

Additionally, as to Mr. Jackson, "the nature of [TeleRecovery's] noncompliance" was technical: for example, it did not make harassing phone calls to Mr. Jackson while attempting to collect the debt; it only failed to note to credit agencies that Mr. Jackson disputed the debt. *Cf. Edwards v. Niagara Credit Sols., Inc.*, 586 F. Supp. 2d 1346, 1349, 1354 (N.D. Ga. 2008) (maximum award of statutory damages warranted where debt collection company had "measured and calculated" policy of failing to disclose that it was a debt collector; additionally, company left over 14 messages on plaintiff's answering machine).

And finally, Mr. Jackson does not allege—and the record does not show—that TeleRecovery intentionally failed to comply with the FDCPA. So the court will not award Mr. Jackson statutory damages, because he has not shown that he is entitled to them under the § 1692k(b)(1) factors. *See Fletcher*, No. 5:20-CV-1147-MHH, ECF Doc. 20 at 12.

### C.   *Attorneys' Fees and Costs*

The court will award Mr. Jackson his attorneys' fees and costs, but it will reduce his attorneys' requested hourly rate. Mr. Jackson requests $4,532.50 in attorneys' fees for his two attorneys' seven hours of work at $605.00 per hour and thirty minutes of work at $595.00 per hour. Mr. Jackson supports his request for attorneys' fees with the extensive affidavit of one of

his attorneys, Mr. David J. Phillips. (Doc. 14-2). For example, Mr. Phillips details the numerous FDCPA cases he has worked on and his successes in those cases. (Doc. 14-2 at 17–26). But the court concludes, based on Mr. Phillips's billing statement, that an hourly rate of $605 and $595 is excessive in this case. The billing statement shows that Mr. Jackson's attorneys performed largely rote work, such as drafting and filing the complaint—which is almost identical to the complaint in *Fletcher*—and drafting and filing the motion for default judgment. (Doc. 14-2 at 28–29).

Based on Mr. Phillips's billing statement, the court will again follow Judge Haikala's order in *Fletcher* and will reduce Mr. Jackson's attorneys' hourly rate to $450. *Fletcher*, No. 5:20-CV-1147-MHH, ECF Doc. 20 at 12. The court will accordingly award Mr. Jackson $3,375.00 in attorneys' fees for his attorneys' 7.5 hours of work at $450 per hour. Finally, the court will award Mr. Jackson his $660 in costs incurred, which brings the court's total attorneys' fees and costs award to $4,035.00.

**III.   Conclusion**

For the reasons set forth above, the court **GRANTS** Mr. Jackson's Motion for an Award of Damages. (Doc. 14). The court awards Mr. Jackson $1,000 in actual damages and $4,035.00 in attorneys' fees and costs.

The Clerk is directed enter final judgment against TeleRecovery and to close this case.

**DONE** and **ORDERED** this 18th day of February, 2021.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE